IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT MELVIN GILES,**

    Plaintiff Pro Se,

v.                                          No. CIV 00-1135 BB/RLP

**TAMMY LUCERO; MICHELLE
EAGLEMAN of Intermec-Amtech Systems;
OFFICER AVIDSON and POLICE CHIEF
GERALD T. GALVIN of the Albuquerque
Police Department; ERIC SCHULER, Deputy
District Attorney; and JEFF ROMERO,
District Attorney,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants Jeff Romero's and Eric Schuler's Motion to Dismiss (Doc. 8), filed September 15, 2000; Defendant Michelle Eagleman's[1] Motion for More Definite Statement (Doc. 12), filed October 12, 2000; and Defendant Tammy Lucero's Motion for More Definite Statement (Doc. 15), filed October 16, 2000. The Court has reviewed the parties' submissions and the relevant authorities and finds that each motion should be GRANTED.

---

[1] Plaintiff incorrectly identifies Defendant Michelle Eagleman as "Michele Ealgeman" in his complaint. The caption currently reflects the correct spelling of Ms. Eagleman's name.

# I.
# BACKGROUND

Plaintiff Robert Giles brings this pro se action against multiple defendants based on incidents surrounding his termination from Intermec-Amtech (predecessor to TransCore). Plaintiff appears to claim that Defendants Lucero and Eagleman, employees of Intermec-Amtech, retaliated against him due to complaints he made regarding Defendant Lucero's alleged violations of OSHA and improper handling of dangerous explosives.  Following his termination, Plaintiff evidently was prosecuted for harassment of Defendants Lucero and Eagleman.  As a result of this prosecution Plaintiff also brings claims against members of the Albuquerque Police Department and District Attorney's Office.  With respect to his cause of action against the district attorney's office, Plaintiff appears to claim that he was maliciously prosecuted for harassment by District Attorney Jeff Romero and Assistant District Attorney Eric Schuler and that Defendants Romero and Schuler improperly refused to prosecute Lucero and Eagleman.  Defendants Lucero and Eagleman have filed a motion for more definite statement under Fed. R. Civ. Pro. 12(e) on the ground that Plaintiff's complaint is so vague and unintelligible as to prevent Defendants from constructing a reasonable response.  Defendants Romero and Schuler have filed a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6).  The Court will address each of these motions in turn.

## II.
## DISCUSSION

**A.      Motions for More Definite Statement**

A party may move for a more definite statement of a complaint that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  The Court recognizes that, because Plaintiff Giles proceeds pro se, the Court is required to construe his pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, liberal construction of pro se pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court may order a pro se plaintiff to submit a more definite statement of his claims if his complaint fails to provide a comprehensible account of his alleged causes of action, the facts supporting those causes of action, and the relief which he is seeking.  See Derrer v. Lakewood Housing Auth., 51 F.3d 285, **2 (Table, Text in Westlaw) (10th Cir. April 6, 1995).

Because Plaintiff filed his handwritten complaint on a boilerplate complaint form supplied by the clerk's office, it is difficult to understand the factual basis for federal jurisdiction. The preprinted form is, however, designed for a civil rights action under 42 U.S.C. § 1983.  With the exception of this pre-supplied ground of federal jurisdiction Plaintiff's causes of action are virtually indecipherable.  For example, Count I of Plaintiff's complaint, which appears to state his "cause of action" against Defendants Eagleman and Lucero, reads:  "Tammy Lucero direct criminal torts in the 'used' and possession of a dangerous toxic explosive and violations employer-employee contact by retaliation, discriminations for using Mr. Giles rights and duty of

law." Complaint at 3. The facts supporting this claim are similarly unintelligible. See id. It appears that Plaintiff intended to allege that Defendant Lucero created hazardous working conditions by exposing Plaintiff to toxic substances and that Plaintiff was improperly terminated by Defendant Eagleman in retaliation for his act of filing OSHA complaints. However, Plaintiff has supplied only a jumbled mass of conclusory allegations. He has provided no specific facts or dates in either his complaint or attached statement of facts from which Defendants could reasonably be expected to form a responsive pleading. Plaintiff's request for relief is particularly confusing[2]; Defendants cannot be expected to determine what relief Plaintiff is seeking.

      Plaintiff's alleged causes of action against the remaining Defendants are equally deficient. His claims against Defendants Avidson, Galvin, Romero and Schuler appear to be in Counts II and III of his Complaint. Count II states: "That officer Avidson of the special situations Department of the Albuquerque Police Department; Chief of Police, Gerald T. Galvin and Deputy D.A. Eric Shutler [sic] and also Jeff Romero District Attorney, second Judicial District, State of Mexico [sic] violated Mr. Giles Civil Right by 'clap complaint' for Mr. Giles excising [sic] his rights and duty by law. And 'Direct' interfere of his rights under law." Complaint at 3. Count III reads: "That Mr. Giles 'believes' the state had no Rights nor jurisdiction to filed [sic] 'a blank' or 'clap complaint' against him in violations of laws and civil rights. And denial and suspend the writ of habeas corpus and writ is mandamus in which the state admitts [sic] 'criminal' acts and

---

[2]In his request for relief against all Defendants, Plaintiff states that he is entitled to: "Punitive damages for their illegal actions of false imprisonment, misuse of the legal process direct malicious prosecution for improper reasons and motives of 'aid' and 'bet' a crime by state officials and allowing Tammy Lucero's 'used' and possession of large amounts of toxic Explosives Lithium in which fact and cause violate state law and the actions of the above named respondents et. al. more or less Demands imprisonment or fine or both...and a letter of apology, no retailiation [sic] and discrimination laws posted." Complaint at 5.

Evidence and Records shows clear 'cause of actions' and Right to Act." Id. at 4. Plaintiff's language in these counts is disjointed to the point of being indecipherable. Neither count states an intelligible cause of action from which Defendants can be expected to form a responsive pleading.

For these reasons, the Court finds that both Defendant Eagleman's and Defendant Lucero's motion for more definite statement should be granted. The Court also orders Plaintiff to submit a more definite statement of his claims against Defendant Avidson and Defendant Galvin.[3] In accordance with Fed. R. Civ. P. 12(e), the Plaintiff must cure the defects in his pleading within 10 days of the issuance of this order.

**B.      Motion to Dismiss**

Although Plaintiff's complaint is virtually unintelligible, he appears to claim that he was unjustifiably prosecuted for harassment by District Attorney Jeff Romero and Assistant District Attorney Eric Schuler. Plaintiff also contends that Defendants Romero and Schuler improperly refused to prosecute Defendants Lucero and Eagleman. Defendants Romero and Schuler have filed a motion to dismiss on grounds of prosecutorial immunity. Because the Court cannot fathom any legitimate claims not covered by prosecutorial immunity that Plaintiff might bring against these Defendants, the Court finds it is unnecessary to require a more definite statement from Plaintiff and will address Defendants' motion to dismiss.

---

[3]Pursuant to this Memorandum Opinion and Order, Plaintiff's claims against Defendants Romero and Schuler are dismissed. Therefore, only Defendants Lucero, Eagleman, Avidson and Galvin remain. Plaintiff is required to submit a more definite statement of his claims against each remaining Defendant.

1.      **Standard of Review Under 12(b)(6)**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court should accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the non-moving party. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court's function on a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

2.      **Section 1983 Claim**

Based on the complaint form used, Plaintiff apparently intends to bring these civil rights claims pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint does not address the capacity in which he is suing Defendants Romero and Schuler the Court will address Plaintiff's claim against Defendants in both their official and individual capacities.

In order to state a cause of action under section 1983, Plaintiff must show that he was deprived of a civil right "by a 'person' acting under the color of state law." Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1237 (10th Cir. 1999). Under the Supreme Court holding in Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." See also Sutton, 173 F.3d at 1237. As district attorneys, both Defendant Romero and Defendant Schuler are state officials

acting in their official capacities.  Therefore, Plaintiff's section 1983 claim against Defendants Romero and Schuler in their official capacities fails as a matter of law.

The Court next considers whether Plaintiff states a claim against Defendants Romero and Schuler in their individual capacities.  The Supreme Court has established that, in his individual capacity, a state prosecutor is entitled to absolute immunity from civil suits under section 1983 for the initiation and pursuit of a criminal prosecution.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Any acts "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273; Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994) (quoting Buckley).  The decision of a prosecutor *not* to prosecute a case is also included in the protections of absolute immunity.  Dohaish v. Tooley, 670 F.2d 934, 938 (10th Cir. 1982).

Buckley recognized the distinction between a prosecutor's role as an advocate and his role as an investigator:  when acting as an investigator, a prosecutor is entitled only to qualified, not absolute, immunity.  509 U.S. at 272-76; Hunt, 17 F.3d at 1267.  However, Plaintiff's complaint alleges only that Defendants Romero and Schuler maliciously prosecuted him for harassment and were delinquent in their decision not to prosecute Defendants Lucero and Eagleman.  Both of these actions are well within the "preparation of judicial proceedings" for which prosecutors are entitled to absolute immunity.  Defendants Romero and Schuler are entitled to absolute prosecutorial immunity from Plaintiff's section 1983 claim for both their prosecution of Plaintiff and for their decision not to prosecute Lucero and Eagleman.

### 3.     Malicious Prosecution Claim

Defendants also argue that Plaintiff's tort claims are subject to dismissal. It is not at all clear from Plaintiff's vague and confusing complaint what, if any, tort claims he is asserting against particular Defendants. However, the Court recognizes that Plaintiff may be attempting to bring a claim for malicious prosecution against Defendants Romero and Schuler. In the interests of thoroughness the Court accepts Plaintiff's claim for malicious prosecution as well-pleaded and considers Defendants' motion to dismiss. The Court agrees with Defendants Romero and Schuler that, to the extent Plaintiff is attempting to assert tort claims against them, such claims are barred by the New Mexico Tort Claims Act, NMSA §§ 41-4-1 - 41-4-27 (Michie 1978).

The Tort Claims Act grants governmental entities and public employees acting within the scope of their duties immunity from tort liability unless immunity is specifically waived by the Act. See NMSA § 41-4-4A. Arguably, the Plaintiff's claims against Defendants Romero and Schuler would be stated under NMSA § 41-4-12, which provides in relevant part:

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from...malicious prosecution...or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

The Tort Claims Act defines a "law enforcement officer" as "any full-time salaried public employee of a governmental entity whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, or members of the national guard when called to active duty by the governor." NMSA § 41-4-3D. The New Mexico Court of Appeals has determined that district attorneys are not "law

enforcement officers" for whom immunity is waived under section 41-4-12 of the Tort Claims Act. Coyazo v. State, 120 N.M. 47, 49-51 (N.M. App. 1995). As district attorneys, Defendants Romero and Schuler have not waived their immunity. Plaintiff's malicious prosecution claim is therefore barred under the Tort Claims Act.

## III.
## CONCLUSION

For the foregoing reasons, IT IS THEREBY ORDERED:

1. Both Defendant Eagleman's and Defendant Lucero's Motion for More Definite Statement (Docs. 12 and 15, respectively) are GRANTED. The Court also orders Plaintiff to submit a more definite statement with respect to his claims against Officer Avidson and Police Chief Galvin. Within 10 days of the issuance of this Order, Plaintiff must submit a revised complaint that states with particularity and clarity: 1) the alleged causes of action against each remaining defendant (Defendants Lucero, Eagleman, Avidson, and Galvin); 2) the facts supporting each cause of action; and 3) the relief Plaintiff is seeking.

2. The Motion to Dismiss filed by Defendants Romero and Schuler (Doc. 8) is GRANTED. All claims by Plaintiff against Defendants Romero and Schuler are dismissed with prejudice.

DATED AT ALBUQUERQUE this 30th day of November, 2000.

_____
BRUCE BLACK
United States District Judge